# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| ARBEN BAJRA, JOHN BRENNAN, ASHER EINHORN, and MELANIE SUSMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Civil Action No. 1:24-cv-03477-MHC |

## MOTION TO STAY PRELIMINARY DEADLINES

Defendant Delta Air Lines, Inc. ("Delta") has moved to dismiss all claims in this action (Doc. 21) and now requests an order staying the deadline to hold a Rule 26(f) conference, file a joint preliminary report, and exchange initial disclosures pending the resolution of that Motion to Dismiss.[1] Completing these tasks now would be premature and inefficient when it is uncertain which, if any, of Plaintiffs' claims will proceed into discovery.

---

[1] Delta conferred with counsel for Plaintiffs, who has indicated on October 17, 2024 that Plaintiffs will oppose this motion.

#5089368v3

## BACKGROUND

In response to Plaintiffs' complaint, Delta moved to dismiss all claims.[2] As Delta explained in its brief in support, the Airline Deregulation Act preempts these claims.[3] This conclusion is "obvious" as it relates to the non-contract claims, which account for seven of the ten counts. *See Statland v. Am. Airlines, Inc.*, 998 F.2d 539, 541 (7th Cir. 1993) (holding claims based on "canceled ticket refunds" relate to rates and are thus preempted). But it is also clear that Plaintiffs' breach of contract claims are preempted, because even a cursory review shows that they seek to impose obligations on Delta that are not in the contract itself. *See Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1030 (9th Cir. 2010) (breach of contract claim preempted when imposing an extra-contractual obligation "to advise passengers about . . . their right to a refund"); *Dusko v. Delta Air Lines, Inc.*, 20-CV-01664, slip op. (ECF No. 70) at 20 n.10 (N.D. Ga. Mar. 2, 2022) (Ross, J.). And beyond preemption, Plaintiffs' claims suffer from fatal deficiencies that warrant dismissal.

Delta's filing of a motion to dismiss in lieu of an answer means that discovery has not started, *see* LR 26.2(A), and for good reason. Given the likelihood that all or most of the claims will be dismissed, starting discovery makes little sense. But the Local Rules do not automatically stay the preliminary deadlines to (1) hold the Rule

---

[2] Doc. 21.
[3] *See* Doc. 21-1 at PDF 14–23.

#5089368v3

26(f) conference under LR 16.1; (b) file the Joint Preliminary Report under LR 16.2; and (c) serve initial disclosures, LR 26.1 (collectively, the "preliminary deadlines").

On October 9, 2024, as the first of these deadlines approached—and having not heard from the Plaintiffs about it—counsel for Delta reached out to propose a stay while this Court considers the Motion to Dismiss. Delta received no response, so the following Monday (two days before the deadline for the Rule 26(f) conference) Delta contacted Plaintiffs' counsel again. The Parties conferred on Wednesday, and on the following day (yesterday), Plaintiffs confirmed that they would not agree to a stay.

## ARGUMENT AND CITATION TO AUTHORITY

Delta requests a stay of the preliminary deadlines because it would be premature and inefficient to conduct these matters—and for this Court to review the Joint Preliminary Report—before this Court rules on the Motion to Dismiss. Even if Plaintiffs had attempted—and succeeded—in pleading a breach of contract claim that does not exceed the express contractual terms, the issues and discovery and damages relevant to such a claim are different than for the seven other counts that Plaintiffs have alleged.

As Judge Jones has recognized, the filing of "a motion to dismiss that may dispose of the entire case … [may] obviate the need" for pretrial matters. *Jumlist v. Prime Ins. Co.*, No. 1:21-CV-01416-SCJ, 2021 WL 6751892, at *2 (N.D. Ga. June

#5089368v3

24, 2021). If the Court grants Delta's Motion to Dismiss, the case will end without the need for any further pretrial matters. And even if the Court denied part of the motion, the Parties can move forward with discovery-related deadlines, nothing is lost, and no party is prejudiced.

In contrast, requiring the Parties to hold a Rule 26(f) conference when the claims may be narrowed after the Court has ruled on the Motion to Dismiss is "not efficient and would probably require that the conference be duplicated, if still necessary," after the Court's ruling. *Palacious v. Lienhard*, No. 1:15-CV-01683-TCB-JFK, 2015 WL 11978699, at *3 (N.D. Ga. Aug. 21, 2015). The same principle holds true for drafting the joint preliminary report and discovery plan and serving initial disclosures. For these reasons, this Court and others in this district often stay these preliminary deadlines when a motion to dismiss all claims is pending. *See, e.g.*, Order Granting Mot. to Stay Deadlines, Pretrial Deadlines, and Local Rule Deadlines, *Simmons v. Am. Institute Certified Pub. Accountants, et al.*, No. 1:24-CV-1789-MHC (N.D. Ga. July 24, 2024); *Tisdale v. Commercial Prop. Appraisers LLC, et al.*, No. 1:23-CV-5541-MHC (N.D. Ga. Jan. 10, 2024); *Kavianpour v. Bd. of Regents of Univ. Sys. of Ga.*, No. 1:22-CV-03382-MLB-RGV, 2023 WL 6194290, at *2 (N.D. Ga. Apr. 4, 2023).

Finally, Delta's request will not prejudice the putative class claims. For example, the Parties are working to schedule the conference Local Rule 23.1 requires

#5089368v3

Page 4

to discuss the entry of an order regarding communication with putative class members.

## CONCLUSION

Delta respectfully requests that the Court stay the preliminary deadlines until it resolves Delta's Motion to Dismiss. If the Court denies any portion of the Motion to Dismiss, Delta proposes that the Parties hold the Rule 26(f) conference within 16 days of the resolution of that motion and file the Joint Preliminary Report within 30 days of such resolution. Likewise, Delta requests that the Parties' initial disclosures are not due until 30 days after this Court resolves Delta's Motion to Dismiss. Attached is a proposed order for the Court's convenience.

*Signature follows on the next page.*

#5089368v3

Dated: October 18, 2024                   Respectfully submitted,[4]


Michael S. Mitchell*                      /s/ Frank M. Lowrey IV
District of Columbia Bar No. 986708       Frank M. Lowrey IV
Boies Schiller Flexner LLP                Georgia Bar No. 410310
1401 New York Ave., NW                    Jane "Danny" Vincent
Washington, DC 20005                      Georgia Bar No. 380850
(202) 237-2727                            Michael R. Baumrind
mmitchell@bsfllp.com                      Georgia Bar No. 960296
                                          Bondurant Mixson & Elmore, LLP
Marc Ayala*                               1201 West Peachtree Street, NW
New York Bar No. 5018388                  Suite 3900
Boies Schiller Flexner LLP                Atlanta, GA 30309
333 Main Street                           (404) 881-4100
Armonk, NY 10504                          lowrey@bmelaw.com
(914) 749-8200                            vincent@bmelaw.com
mayala@bsfllp.com                         baumrind@bmelaw.com

James Lee*
New York Bar No. 4422382
Florida Bar No. 67558
Boies Schiller Flexner LLP
100 SE Second Street, Suite 2800
Miami, FL 33131
(305) 357-8434
jlee@bsfllp.com

*Attorneys for Defendant Delta Air
Lines, Inc.*

*admitted pro hac vice

---

[4] Pursuant to Local Rule 7.1D, counsel for Delta certifies that this brief was prepared with a font and point selection approved in Local Rule 5.1B

#5089368v3

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of October, 2024, I electronically filed

***Motion to Stay Preliminarily Deadlines*** with the Clerk of Court using the

CM/ECF system, which will automatically send email notification of such filing to

the all attorneys of record.


<u>/s/ Frank M. Lowrey IV</u>
Frank M. Lowrey IV
Georgia Bar No. 410310


#5089368v3