## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARBEN BAJRA, JOHN BRENNAN, AUNALI KHAKU, DAVID KUK, CARMEN MOORMAN, and VITTORIO MUZZI, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-03477 Hon. Mark H. Cohen |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| DELTA AIR LINES, INC. | |
| Defendant. | |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

This Amended Joint Preliminary Report and Discovery Plan is submitted on behalf of Plaintiffs Arben Bajra, John Brennan, Aunali Khaku, David Kuk, Carmen Moorman, and Vittorio Muzzi, individually and on behalf of all others similarly situated, and Defendant Delta Air Lines, Inc. ("Delta").

## 1.  Description of Case:

**(a)    Describe briefly the nature of this action.**

Plaintiffs bring this proposed class action against Delta, for Delta's cancellations of flights as a result of the July 19, 2024 CrowdStrike outage and alleged subsequent failure to recover and to provide refunds and reimbursements to

impacted consumers.

Plaintiffs seek damages and equitable remedies for breach of contract and the Montreal Convention.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

(i)     Plaintiffs summarize the facts as follows On Friday, July 19, 2024, an automatic update to a cybersecurity software developed by CrowdStrike resulted in millions of computers running Microsoft Windows to crash and display blue screens of death (the "CrowdStrike outage"). The CrowdStrike outage affected CrowdStrike customers who use Microsoft Windows products, including many airports and airlines, who rely on Microsoft Office365 for travel needs, including scheduling and transporting crew members, passengers, and cargos to their appropriate destinations.

The CrowdStrike outage inhibited airlines from conducting their day-to-day activities, which resorted to manual operations, such as checking passengers in on paper. This severely crippled airlines, airports, and passengers from attending their scheduled operations accordingly. Moreover, the CrowdStrike outage resulted in massive delays globally. By the end of the weekend, nearly every airline had managed to recover and resume normal operations. Delta, however, did not resume normal operations.

By the start of the workweek, Delta continued to cancel a staggering number of flights. On Monday, July 22, it was reported that Delta canceled more than 1,250 flights. These cancellations accounted for nearly 70% of all flights within, to, or from the United States that had been canceled on Monday.  No other U.S. airline had canceled one-tenth as many flights.  On Tuesday, July 23, Delta continued to cancel flights. By 2pm that day, more than 450 flights had been canceled and more than 1,000 flights had been delayed.

Delta continued to delay and cancel flights for weeks after the CrowdStrike outage, although Delta purported that its "operational reliability" returned to "normal" on Thursday, July 25, 2024.  Delta blamed its inability to resume its services on Windows software and its inability to fix problems with its crew tracking system, leaving it unable to find the pilots and flight attendants it needed for planes to fly.

The impact on Delta passengers was disastrous. Delta's failure to recover from the CrowdStrike outage left passengers stranded in airports across the country and the world and, in many cases, thousands of miles from their desired destination.  Plaintiffs allege that when affected passengers requested prompt refunds for their canceled or delayed flights, Delta refused or ignored these requests.  Plaintiffs further allege that Delta refused to provide all affected passengers with meal, hotel, and ground transportation vouchers, despite its

3

previous commitments, and continues to refuse or ignore requests for reimbursements of approved expenses.

As a result of Delta's failures, affected passengers were forced to spend thousands of dollars in unexpected expenses, including flights from other airlines, hotels, rental cars, ground transportation, and food. Further, Delta separated thousands of passengers from their luggage, leaving many without necessary medication, clothes, and other belongings.

Plaintiffs allege that these unfair, unlawful, and unconscionable practices resulted in Delta unjustly enriching itself at the expense of its customers. Accordingly, Plaintiffs brought this action in order to retrieve their monies for each and every similarly situated consumer Delta has wronged by refusing to issue full refunds for flights cancelled or significantly affected and refusing to issue the reimbursements it promised to consumers.

(ii)    Delta does not agree with Plaintiffs' summary, and instead states the facts as follows. On Friday, July 19, 2024, cybersecurity firm CrowdStrike deployed untested and faulty software updates onto its customers' computers, causing millions of Microsoft Windows-based computers around the world to stop working (the "Faulty Update"). The Faulty Update shut down airports, banks, hospitals, and numerous other organizations across the globe. CrowdStrike's Faulty Update crippled Delta's operations, forcing Delta to cancel thousands of flights.

Delta staff worked 24/7 for several days to restore operations and support customers following the CrowdStrike disaster. Since the CrowdStrike outage, Delta has assiduously refunded customers' tickets and issued reimbursements to customers impacted by the flight disruptions in accordance with Delta's applicable contract of carriage. Despite Delta's on-going efforts to compensate customers affected by the CrowdStrike disaster, Plaintiffs filed this putative class action 18 days after the incident, alleging that Delta failed to provide them with adequate refunds or reimbursements.

      **(c)**      **The legal issues to be tried are as follows:**

      (1)      Whether Plaintiff's Complaint properly states a claim upon which relief can be granted;

      (2)      Whether Delta breached its contract with Plaintiffs and the putative class members with its alleged conduct in connection with cancellations (Counts I);

      (3)      Whether Delta's alleged conduct violated the Montreal Convention (Count XII);

      (4)      Whether Plaintiffs' claims are preempted; and

      (5)      Such other legal or factual issues that are implicit in the above listing, that are presented by the pleadings herein, and/or that may be disclosed through discovery.

      **(d)**      **The cases listed below (include both style and action number) are:**

### (1) Pending Related Cases:

The parties are not aware of any pending related cases.

### (2) Previously Adjudicated Related Cases:

The parties are not aware of any previously adjudicated related cases.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

|   |      |                                                          |
|---|------|----------------------------------------------------------|
|   | (1)  | **Unusually large number of parties**                    |
|   | (2)  | **Unusually large number of claims or defenses**         |
| X | (3)  | **Factual issues are exceptionally complex**             |
| X | (4)  | **Greater than normal volume of evidence**               |
| X | (5)  | **Extended discovery period is needed**                  |
|   | (6)  | **Problems locating or preserving evidence**             |
|   | (7)  | **Pending parallel investigations or action by government** |
| X | (8)  | **Multiple use of experts**                              |
| X | (9)  | **Need for discovery outside United States boundaries**  |
| X | (10) | **Existence of highly technical issues and proof**       |
| X | (11) | **Unusually complex discovery of electronically stored information** |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>**Plaintiffs**</u>:

E. Adam Webb
Georgia Bar No. 141315
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange SE, Suite 480
Atlanta, GA 30339
(770) 444-0773
adam@webbllc.com

Joseph G. Sauder
Joseph B. Kenney
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
(888) 711-9975
jgs@sstriallawyers.com
jbk@sstriallawyers.com

**<u>Defendant</u>**:

Michael S. Mitchell
D.C. Bar No. 986708
(admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
(202) 237-2727
mmitchell@bsfllp.com

Frank M. Lowrey
Georgia Bar No. 410310
**BONDURANT MIXSON & ELMORE, LLP**
One Atlantic Center
Suite 3900
1201 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 881-4100
lowrey@bmelaw.com

**4. Jurisdiction:**

   **Is there any question regarding this court's jurisdiction?**

   **\_\_\_\_\_ Yes   \_\_<u>X</u>\_\_ No**

   **If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims,**

identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

    **(a)    The following persons are necessary parties who have not been joined:**

    At this juncture, Plaintiffs are unaware of any necessary parties who have not been joined.

    **(b)    The following persons are improperly joined as parties:**

    None – not applicable.

    **(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    Plaintiffs and Defendant's names are accurately stated, and no necessary portions of their names are omitted.

    **(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

    **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

    **(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

    Plaintiffs anticipate filing a motion for leave to file an amended pleading.

Delta reserves all rights to oppose Plaintiffs's motion.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

After answering and well within this deadline, Delta intends to file a motion for judgment on the pleadings as to Plaintiffs' Montreal Convention Claims, based on the Court's May 6, 2025 Order (Doc. 60) at 27-28. Plaintiffs intend to oppose this motion.

**(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

With respect to Plaintiff's motion for class certification, motions for summary judgment (directed both to the individual claims raised by the named Plaintiff and to the putative class claims), and *Daubert* motions directed to

class experts, Plaintiffs and Defendant respectfully refer the Court to the

attached Proposed Scheduling Order.

## 8. Initial Disclosures:

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

Plaintiffs and Defendant exchanged initial disclosures on January 24,

2025.

## 9. Request for Scheduling Conference:

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Plaintiffs and Defendant do not request a scheduling conference at this

time.

## 10. Discovery Period:

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three discovery tracks: (a) zero months discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

With respect to claims remaining after the Court resolved Defendant's motion to dismiss, Plaintiffs and Defendant anticipate that discovery will be needed on the requisites of Fed. R. Civ. P. 23 as well as on the merits of Plaintiffs' claims and Delta's defenses. Plaintiffs and Defendant propose that class certification discovery and merits discovery occur concurrently, as outlined in the attached Proposed Scheduling Order.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiffs and Defendant anticipate that additional time beyond the assigned four-month discovery period will be needed to conduct discovery related to the claims alleged by Plaintiffs, third-party discovery, the classes that Plaintiffs seek to represent, and to allow sufficient time for expert discovery. Plaintiffs and Defendant's proposed discovery schedule is set forth in the attached Proposed Scheduling Order.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

11

Plaintiffs and Defendant do not believe that any additional limitations on discovery are needed, beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs and Defendant will also meet and confer on a suitable protective order and ESI discovery protocol, pursuant to Rule 26.

**(b)  Is any party seeking discovery of electronically stored information?**

     **X**     Yes        No

**If "yes,"**

**(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

At this time, Plaintiffs and Defendant anticipate that there will be discovery of electronically stored information, and Plaintiffs and Defendant will meet and confer to establish an ESI protocol to govern the scope and manner of ESI discovery.

**(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Plaintiffs and Defendant agree to work in good faith with respect to the method of production.

12

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiffs and Defendant request that the Court enter the Proposed Scheduling Order submitted herewith. Additionally, Plaintiffs and Defendant will promptly negotiate and present to the Court a proposed protective order and ESI protocol.

**13. Settlement Potential:**

(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 20, 2024 and on May 14, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiffs: Lead counsel (signature):**        */s/ G. Franklin Lemond, Jr.*
                                                       G. Franklin Lemond, Jr.

Other participants:

**For Defendant Delta Air Lines, Inc.:**

**Lead counsel (signature):**        */s/  Michael S. Mitchell*
                                      Michael S. Mitchell (pro hac vice)
                                      BOIES SCHILLER FLEXNER LLP

Other participants:        Frank M. Lowrey
                           BONDURANT MIXSON & ELMORE, LLP

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )  A possibility of settlement before discovery.
( X )  A possibility of settlement after discovery.
(___)  A possibility of settlement, but a conference with the judge is needed.
(___)  No possibility of settlement.

No offers of settlement have been exchanged so far, although Delta is always willing to discuss settlement.

**(c)    Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

**14.  Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

Plaintiffs and Defendant do not consent to having this case tried before a magistrate judge of this court.

[Signatures on Following Page]

Respectfully submitted this 20th day of May, 2025.

Joseph G. Sauder
Joseph B. Kenney
Juliette T. Mogenson
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: (888) 711.9975
jgs@sstriallawyers.com
jbk@sstriallawyers.com
jtm@sstriallawyers.com

Francis J. "Casey" Flynn, Jr.
**Law Office of Francis J. Flynn, Jr.**
6057 Metropolitan Plaza
Los Angeles, CA 90036
Tel: (314) 662-2836
casey@lawofficeflynn.com

Tiffany Marko Yiatras
**Consumer Protection Legal, LLC**
308 Hutchinson Road
Ellisville, Missouri 63011-2029
Tel: (314) 541-0317
tiffany@consumerprotectionlegal.com

*/s/ G. Franklin Lemond, Jr.*
E. Adam Webb
G. Franklin Lemond, Jr.
**WEBB, KLASE & LEMOND, LLC**
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
Tel: (770) 444-9325
Adam@WebbLLC.com
Franklin@WebbLLC.com

Paul J. Doolittle
Thomas Sizemore
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
TeamSizemore@poulinwilley.com
Paul.doolittle@poulinwilley.com

***Attorneys for the Plaintiffs***

Michael S. Mitchell
D.C. Bar No. 986708
(admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
(202) 237-2727
mmitchell@bsfllp.com

Marc Ayala
(admitted *pro hac vice*)
New York Bar No. 5018388
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards
New York, NY 10001
(212) 446-2300
mayala@bsfllp.com

James Lee
(admitted *pro hac vice*)
New York Bar No. 4422382
Florida Bar No. 67558
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, FL 33131
(305) 357-8434
jlee@bsfllp.com

/s/ *Frank M. Lowrey IV*
Frank M. Lowrey IV
Georgia Bar No. 410310
Jane "Danny" Vincent
Georgia Bar No. 380850
Michael R. Baumrind
Georgia Bar No. 960296
**BONDURANT MIXSON & ELMORE, LLP**
One Atlantic Center
Suite 3900
1201 West Peachtree Street NW
Atlanta, Georgia 30309
(404) 881-4100
lowrey@bmelaw.com
vincent@bmelaw.com
baumrind@bmelaw.com

*Counsel for Defendant Delta Air Lines, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARBEN BAJRA, JOHN BRENNAN, AUNALI KHAKU, DAVID KUK, CARMEN MOORMAN, and VITTORIO MUZZI, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-03477 <br><br> Hon. Mark H. Cohen |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| DELTA AIR LINES, INC. | |
| Defendant. | |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| | |
|---|---|
| January 24, 2025 | Plaintiff and Defendant shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26 |
| June 19, 2025 | Fact Discovery shall commence |

| July 21, 2025 | Deadline for Plaintiffs to move for leave to amend their pleadings (with Delta reserving rights to oppose) |
| --- | --- |
| March 20, 2026 | Deadline for fact discovery |
| April 20, 2026 | Expert Discovery shall commence |
| April 20, 2026 | Plaintiffs shall identify and serve expert report(s) of any expert they intend to rely upon |
| June 19, 2026 | Defendant shall complete all depositions of Plaintiffs' expert(s) |
| July 20, 2026 | Defendant shall identify and serve expert report(s) of any expert it intends to rely upon |
| September 3, 2026 | Plaintiffs shall complete all depositions of Defendant's expert(s) |
| September 18, 2026 | Plaintiffs shall identify and serve expert rebuttal report(s), if any |
| October 5, 2026 | If Plaintiffs submit any rebuttal expert report(s), the Parties shall meet and confer regarding the need for Defendant to submit any sur-rebuttal expert report(s) and, if so, submit a proposed revised schedule addressing timing of any sur-rebuttal report(s), depositions related to same, and any impact on the remaining dates in this scheduling order |

| October 19, 2026 | Defendant shall complete all depositions of Plaintiffs' rebuttal expert(s), if any |
|---|---|
| October 19, 2026 | Expert discovery closes |
| November 3, 2026 | Plaintiffs shall file their Motion for Class Certification<br><br>Defendant shall file its summary judgment motion, along with any FRE 702 motions relevant to summary judgment |
| December 18, 2026 | Defendant shall file its response in opposition to the Motion for Class Certification, along with any FRE 702 motions relevant to class certification<br><br>Plaintiffs shall file their response in opposition to Defendant's Motion for Summary Judgment along with any FRE 702 motions relevant to summary judgment |
| February 1, 2027 | Plaintiffs shall file their reply in support of their Motion for Class Certification<br><br>Defendant shall file its reply in support of its Motion for Summary Judgment and its response to any *Daubert* motions filed by Plaintiffs |
| 21 days after the Court's Ruling on Class Certification or the 11th Circuit's disposition of any requested appeal of class certification | The Parties shall meet and confer regarding a schedule for the remainder of the case |

IT IS SO ORDERED, this _____ day of May, 2025.


_____
Hon. Mark H. Cohen
Judge, United States District Court

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing on May 20, 2025 by filing a copy using the CM/ECF System, which constitutes service on all counsel having appeared as record.

<u>/s/ G. Franklin Lemond, Jr.     </u>
G. Franklin Lemond, Jr.
